1
# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| ALVIN DIAZ, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:13-CV-2928-N-BK |
| | § | |
| OCWEN LOAN SERVICING, | § | |
|     Defendant. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order No. 3*, this case has been referred to the undersigned for pretrial management. Now before the Court is Defendant's *Motion to Dismiss* (Doc. 5). For the reasons that follow, it is recommended that the motion be **GRANTED**.

## I.  BACKGROUND

This case concerns the foreclosure of *pro se* Plaintiff Alvin Diaz's real property located at 2724 Lake Cove, Cedar Hill, Texas 75104 (the "Property"). Plaintiff filed his form *Petition for Verification of Debt* on June 20, 2013, in state court. (Doc. 1-1 at 5–6). Plaintiff requests verification of his debt from Defendant Ocwen Loan Servicing to "establish whether Defendant has standing to bring forth" foreclosure remedies. *Id*. at 5. Plaintiff also requests that Defendant be required to prove it is the holder in due course of his promissory note by producing, pursuant to 18 U.S.C. § 2071, the "original unaltered wet ink signature promissory note" and other documents. *Id*. As relief, Plaintiff seeks an order instructing Defendant to release all claims against Plaintiff if it cannot produce the foregoing documents. *Id*.

Defendant removed the case to this Court on the basis of diversity and federal question jurisdiction (Doc. 1), and has now moved to dismiss all of Plaintiff's claims under Federal Rule

2

of Civil Procedure 12(b)(6), (Doc. 5). Plaintiff did not file a response despite being afforded extended time to do so. (Docs. 7–8).

## II.  APPLICABLE LAW

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must allege enough facts to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In ruling on a motion to dismiss, a court must accept all factual allegations in the complaint as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007). To overcome a Rule 12(b)(6) motion, a plaintiff's complaint should "contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference may fairly be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir. 1995) (quotation omitted). Moreover, the complaint should not simply contain conclusory allegations, but must be pled with a certain level of factual specificity. *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498 (5th Cir. 2000).

## III.  DISCUSSION

Defendant argues that Plaintiff's petition is facially insufficient, noting that this Court has dismissed similar form petitions on multiple occasions. (Doc. 6 at 3). Defendant asserts that Plaintiff's petition is nothing more than an attempt to subvert its non-judicial foreclosure of Plaintiff's property by forcing Defendant to prove its authority under the baseless "show-me-the-note" theory. *Id*. at 5. Defendant further argues that Plaintiff fails to state a claim for declaratory judgment because he does not offer any factual allegations or substantive legal claims that would give rise to declaratory relief. *Id*. at 6. Additionally, Defendant notes that 18 U.S.C. § 2071 is a criminal statute relating to the destruction of federal government documents and, thus, does not

3

support a civil cause of action. *Id*. at 4–5. Defendant's position is well taken.

The statute cited by Plaintiff, 18 U.S.C. § 2071, criminalizes the theft or destruction of various types of government records. 18 U.S.C. § 2071(a)–(b). It does not provide a civil cause of action. *Scott v. CSC Credit Services, Inc.*, No. 05-CV-1953, 2005 WL 3478122 at *1 (N.D. Tex. 2005) (Boyle, J.) (holding that section 2071 does not create a civil cause of action and noting that the plaintiff's allegations involved a dispute over a credit account and not the destruction of government documents).

Furthermore, though he does not explicitly say so, the theory that undergirds Plaintiff's petition is that Defendant does not have the authority to foreclose on the Property unless it can produce the original signed note. (Doc. 1-1 at 5). This "show me the note" theory presupposes "that only the holder of the original wet-ink signature note has the lawful power to initiate a non-judicial foreclosure." *Puig v. Citibank, N.A.*, No. 11-CV-0270, 2012 WL 1835721 at *5 (N.D. Tex. 2012) (Lindsay, J.) (quoting *Wells v. BAC Home Loans Servicing, L.P.*, 2011 WL 2163987 at *2–3 (W.D. Tex. 2011) (collecting cases)). Courts in this Circuit "have roundly rejected this theory… because foreclosure statutes simply do not require possession or production of the original note." *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 253 (5th Cir. 2013) (quoting *Wells*, 2011 WL 2163987 at *2). Thus, to the extent that Plaintiff relies on this theory to support his claims against Defendant, his claims fail.

Plaintiff's declaratory relief claim also fails. When a state-filed declaratory judgment action is removed to federal court, it is converted into an action brought under the federal Declaratory Judgment Act, 28 U.S.C. § 2201. *Turner v. AmericaHomeKey, Inc.*, No. 11-CV-0860, 2011 WL 3606688 at * 5 n.11 (N.D. Tex. 2011) (Fitzwater, C.J.). That Act provides that a federal court may declare the rights and legal relations of any interested party. However, the

4

availability of a declaratory judgment depends upon the existence of an underlying judicially remediable right. *Schilling v. Rogers*, 363 U.S. 666, 677 (1960). In this case, because Plaintiff's substantive claim fails for the reasons stated above, he is not entitled to any relief under the Declaratory Judgment Act. Accordingly, Plaintiff's claim under that Act should be dismissed as well. *See Marban v. PNC Mortg.*, No. 12-CV-3952, 2013 WL 3356285 at *11 (N.D. Tex. 2013) (Lynn, J.) (declining to entertain plaintiff's request for declaratory judgment where he had not pleaded a plausible substantive claim).

### IV. LEAVE TO AMEND

A court may dismiss a claim that fails to meet the pleading requirements, but "it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after repeated opportunities to do so." *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000). Because Plaintiff cannot maintain a cause of action under the debunked "show me the note" theory, the defect in his petition is incurable, thus leave to amend is not required.

### V. CONCLUSION

For the reasons set forth above, it is recommended that Defendant's *Motion to Dismiss* (Doc. 5) be **GRANTED**. Plaintiff's petition should be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on February 20, 2014.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

5
# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE